IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLAKE LEITCH, SHERI LASH, BETH POLLO, HEIDI PARENT, JIM SODARO, TONI HEAD, CONNIE AMETER, TAIRANCE McGEE, and JACK DEHEVE<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 31, AFL-CIO,<br><br>Defendant. | No.<br><br>**COMPLAINT**<br>**(CLASS ACTION)** |

**COMPLAINT**

1. The U.S. Supreme Court has definitively concluded that unions acted unconstitutionally when they deducted tens of millions of dollars from public-sector employees who were not members of a union, but were required to pay agency fees to the union against their will. *See Janus v. AFSCME,* 138 S. Ct. 2448 (2018).

2. Plaintiffs, individually and on behalf of all agency fee-payers as a class whose money was taken by American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, ("Council 31"), sue for the return of their money under 42 U.S.C. § 1983, because these seizures were made under color of state law.

3. Plaintiffs, individually and on behalf of the class, seek compensatory damages from the union for its violation of their rights under the First and Fourteenth Amendments.

1

## PARTIES

4. Plaintiff Blake Leitch formerly worked at the state Department of Veterans Affairs. He lives in Charleston, Coles County, Illinois. Throughout his employment he was forced to pay an agency fee to Council 31 against his will though he was not a member of Council 31.

5. Plaintiff Sheri Lash is an employee with the state Department of Children & Family Services. She lives in Bloomington, McLean County, Illinois. Throughout her employment she was forced to pay an agency fee to Council 31 against her will though she was not a member of Council 31.

6. Plaintiff Beth Pollo is an administrative assistant with the state Department of Employment Security. She lives in Orland Park, Cook County, Illinois. Throughout her employment she was forced to pay an agency fee to Council 31 against her will though she was not a member of Council 31.

7. Plaintiff Heidi Parent works for the Illinois State Police. She lives in Tinley Park, Cook County, Illinois. Throughout her employment she was forced to pay an agency fee to Council 31 against her will though she was not a member of Council 31.

8. Plaintiff Jim Sodaro is a supervisor in the state Department of Innovation Technology. He lives in Springfield, Sangamon County, Illinois. Throughout his employment he was forced to pay an agency fee to Council 31 against his will though he was not a member of Council 31.

9. Plaintiff Toni Head works for the state Division of Rehabilitation Services. She lives in Benton, Franklin County, Illinois. Throughout her employment she was forced to pay an agency fee to Council 31 against her will though she was not a member of Council 31.

10. Plaintiff Connie Ameter works for the state Department of Human Services. She lives in Olney, Richland County, Illinois. Throughout her employment she was forced to pay an agency fee to Council 31, though she was not a member of Council 31, against her will.

11. Plaintiff Tairance McGee works for the state Department of Human Services. He lives in Chicago, Cook County, Illinois. Throughout his employment he was forced to pay an agency fee to Council 31, though he was not a member of Council 31, against his will.

12. Plaintiff Jack DeHeve works for the Illinois Emergency Management Agency. He lives in Springfield, Sangamon County, Illinois. Throughout his employment he was forced to pay an agency fee to Council 31, though he was not a member of Council 31, against his will.

13. Council 31 is a labor union representing public sector employees throughout the State of Illinois. Its main offices are in Chicago and Springfield, Illinois.

## JURISDICTION AND VENUE

14. This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

15. Venue is appropriate under 28 U.S.C. § 1391(b) because Council 31 has its headquarters in and a substantial portion of the events giving rise to the claims occurred in the Northern District of Illinois.

## CLASS ACTION ALLEGATIONS

16. This case is brought as a class action under Federal Rule of Civil Procedures 23(b)(3) by Plaintiffs ("Class Representatives") for themselves and for all others similarly situated.

17. The class consists of all current and former Illinois state employees from whom Council 31 collected agency fees as a condition of their employment from May 1, 2017 to June 28, 2018.

18. Upon information and belief, the number of persons in the class is so numerous that joinder is impractical.

19. There are questions of law and fact common to all class members, including Class Representatives, namely whether Council 31 owes damages to fee-payers whose money was unconstitutionally seized prior to the *Janus* decision, which was handed down on June 27, 2018.

20. Class Representatives' claims are typical of all class members whose fees were seized in violation of their First and Fourteenth Amendment rights to benefit Council 31.

21. Class Representatives are adequate to represent the class and have no conflict with other class members.

22. Class Counsel is provided by national public-interest legal aid organizations and are experienced in representing employees in federal litigation over labor law issues, having litigated many important cases in this area of law. These attorneys are able to represent the interests of the class and will fairly and adequately do so.

23. The class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned dues deductions violate their First Amendment rights.

24. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are

deprived of the same rights by Defendant's actions, differing only in the amount of money deducted. This fact is known to Defendant and easily calculated from Defendant's business records. The limited amount of money involved in the class of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

25. The constitutional violations perpetrated by Council 31 against all nonmembers were taken according to the same statutes and collective bargaining agreement, and constitute a concerted scheme that violates Class Representatives' rights at multiple levels and locations.

## FACTUAL ALLEGATIONS

26. The Illinois Public Labor Relations Act authorizes public employers such as the State of Illinois and unions such as Council 31 to enter into collective bargaining agreements whereby the employer would deduct a so-called "fair share fee" from all employees in a covered bargaining unit who did not join the union. *See* 5 ILCS 315/6(e).

27. Council 31 and the Illinois Department of Central Management Services (CMS) entered into a collective bargaining agreement effective July 1, 2012, that has continued in force to today due to an impasse negotiating a new agreement.

28. Article IV, Section 3 of that agreement provides for a "Fair Share" fee that all nonunion employees must pay, supposedly to cover "their share of the cost of the collective bargaining process, contract administration and the pursuance of matters affecting wages, hours and conditions of employment . . . ."

29. The Illinois Public Labor Relations Act mandates that "[w]here a collective bargaining agreement is terminated, or continues in effect beyond its scheduled expiration date pending the negotiation of a successor agreement or the resolution of an impasse under Section 14, the employer shall continue to honor and abide by any dues deduction or fair share clause

contained therein until a new agreement is reached including dues deduction or a fair share clause." ILCS 315/6(f).

30. From July 1, 2012, to the date of the *Janus* decision, all non-member employees in the bargaining units represented by Council 31, including plaintiff Class Representatives, were forced to pay this "fair-share fee."

31. Under color of state law, Illinois CMS withheld these fees from Plaintiffs' and class members' paychecks and, upon information and belief, transferred those funds to Council 31.

32. During times after May 1, 2017, Council 31 should have known that its seizure of fair share fees from non-consenting employees violated the First Amendment.

33. On February 9, 2015, Illinois Governor Bruce Rauner issued an executive order that recognized the State's agency fee requirements were likely unconstitutional and that called for the fees to be placed in escrow "so that each such State Employee will receive the amount deducted from his or her wages upon the determination by any court of competent jurisdiction that the Fair Share Contract Provisions are unconstitutional." Ill. Executive Order 15-13, § II(e).

34. Council 31, however, did not agree to have agency fees escrowed while their constitutionality was resolved. Council 31 sued the State to compel it to keep seizing agency fees from employees and remitting those fees to the union. *See Illinois AFL-CIO, et al. v. Bruce Rauner, et al.*, St. Clair County, Ill. Case No. 2015 CH 171.

### COUNT I
### By collecting agency fees from nonmembers, Council 31 violated Plaintiffs' and class members' First Amendment rights to free speech and freedom of association.

35. The allegations contained in all preceding paragraphs are incorporated herein by reference.

6

36. The First Amendment's rights to free speech and free association protect the choice of nonunion employees of public employers to refuse to pay any fees to a union acting as the certified representative for their bargaining unit.

37. The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

38. 42 U.S.C. § 1983 creates a private right of action when a state actor or a private actor acting under color of state law violates a person's constitutional rights.

39. Council 31, acting under color of state law in concert with the State of Illinois, seized money from Plaintiffs and class members in violation of their constitutional rights.

**PRAYER FOR RELIEF**

Plaintiffs Blake Leitch, Sheri Lash, Beth Pollo, Heidi Parent, Jim Sodaro, Toni Head, Connie Ameter, Tairance McGee, and Jack DeHeve respectfully request that this Court:

    a. Certify the Class; and

    b. Enter a judgment declaring that the Defendant violated Plaintiffs' and class members' constitutional rights by negotiating and maintaining the forced fee provisions of the Collective Bargaining Agreement; and

    c. Enter a judgment declaring that the Defendant violated Plaintiffs' and class members' constitutional rights by collecting fair-share fees from their wages; and

    d. Award Plaintiffs and class members actual damages in the full amount of fees and any assessments seized from their wages from May 1, 2017 to June 27, 2018, plus interest, for violations of their First Amendment Rights;

7

  e. Award the Plaintiffs' their costs and attorneys' fees under 42 U.S.C. § 1988; and

  f. Award any further relief to which Plaintiffs may be entitled.

Dated: May 1, 2019

                Respectfully Submitted,

                BLAKE LEITCH, SHERI LASH, BETH POLLO, HEIDI PARENT, JIM SODARO, TONI HEAD, CONNIE AMETER, TAIRANCE McGEE, and JACK DEHEVE

                By: /s/ Jeffrey Schwab

Jeffrey M. Schwab          William Messenger
James J. McQuaid          National Right to Work Legal Defense
Liberty Justice Center         Foundation
190 South LaSalle Street, Suite 1500    8001 Braddock Rd., Suite 600
Chicago, Illinois 60603        Springfield, VA 22160
Telephone (312) 263-7668       703.321.8510
Facsimile (312) 263-7702        703.321.9319 (fax)
jschwab@libertyjusticecenter.org     wlm@nrtw.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiffs*